MORGAN, J.
Celestin LeBlanc was appointed tutor to the minor children of Jules and Domitilde LeBlanc on the eleveuth of November, 1862. He filed an account of his administration on the seventeenth August, 1871. He died tenth June, 1872. The present litigation is carried on with the representatives of his succession. Celestin LeBlanc was never appointed administrator of the successions of the father or mother of the minors. He seems to have administered upon the same as tutor.
The main opposition to the account he has presented appears to be: Mrst — The amount of a note given by Celestin LeBlanc to Jules Le Blanc, father of the minors, in part payment of a plantation and slaves, due in February, 1862. In his account he charges himself with $3777 50. The face of the note was for $7431 97. He claims a deduction as stated, on the ground that the note was given, in part, for the price of slaves. Slavery had not been abolished when this note fell due, and as it was in his hands when he was appointed tutor, it must be considered as so much cash belonging to the minors.
*301 Second — The second objection made to his account is that the tutor charges himself with $1650, the proceeds of fifty-five hogsheads of sugar at three cents per pound. We think the evideuce shows that the sugar was worth six cents per pound. He should, therefore, have charged himself witli $3330.
Third — The important opposition to the account is the claim for interest which the opponents allege should be charged to the tutor upon all the moneys which came into his hands during his tutorship, and which he neglected to invest. The amount now claimed from him is in the neighborhood of $16,000. The claim is founded on the 347.th article of the Code, which declares that “the tutor shall be bound to invest, in the name of the minor, the revenues which exceed the expenses of his ward, whenever they amount to five hundred dollars. In default thereof, he shall be bound to pay on such excess the rate of interest allowed by law.”
- Revenue we understand to mean income, or annual profit received from lands or other property. If,'then, the money which this tutor received had proceeded from the minors’ revenues and he had not invested them according to law, there would be no question as to his liability. But it is not asserted that this is the state of facts presented by the record. The moneys received by the .tutor were, in reality, the total of the minors’ inheritance. With them he paid the debts due by the successions of the minors’ father and mother. This indebtedness, together with the expenses of the minors 'and the costs of administration, amounts to very nearly the sums which he has received for their account. He can not be charged with interest on funds thus received.
The account is a very confused one, owing, no doubt, in part at least, to the circumstances which surrounded the representatives of the succession. During most of the time a state of war existed, the courts were not open, and the tutor had often to act without authority, because there was no one in authority whose advice and authorization he could procure.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended by striking therefrom the amount of interest allowed therein; that the tableau be amended by adding thereto the sum of $3777 50, balance of amount of note given by Celestin Le Blanc to Jules LeBlane, due in February, 1862; that $1650 be added to the account for the sugar sold by the tutor; that the sum allowed to W. B. Robertson be reduced to $250, and that as thus amended the judgment be affirmed, the costs to be borne by the succession.
Rehearing refused.